**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT LINSKEY,

    Plaintiff,

    v.

ANTHONY GUARIGLIA, ROSS LATONA, MARTIN QUINN, MARK SINGER, and BRUCE KNICK, in their Individual and Official Capacities,

    Defendants.

CIVIL ACTION NO. 3:11-2059

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 7) filed by Anthony Guariglia, Ross Latona, Martin Quinn, Mark Singer, and Bruce Knick (collectively "Defendants"). Plaintiff commenced this action after Defendants removed him as Pittston Area School District's Representative to the Luzerne Intermediate Unit in September of 2011. (Doc. 3.) Plaintiff alleges that his removal as Representative to the Luzerne Intermediate Unit violated his First and Fourteenth Amendment rights and amounts to an improper ouster under Pennsylvania law. (Doc. 3.) Defendants subsequently filed a motion to dismiss the Second Amended Complaint in its entirety. Defendants' motion to dismiss will be granted in part and denied in part. Because Plaintiff fails to adequately state a claim for improper state ouster, Count III of the Second Amended Complaint will be dismissed. However, because Plaintiff sufficiently alleges a violation of his First and Fourteenth Amendment rights when Defendants voted to remove him as Representative to the Luzerne Intermediate Unit, Defendants' motion to dismiss Counts I and II will be denied.

## I. Background

Plaintiff, a school board member for the Pittston Area School District ("PASD"), commenced this action on November 4, 2011 against five members of the PASD Board:

Tony Guariglia; Ross Latona; Martin Quinn; Mark Singer; and Bruce Knick. (Doc. 3, "Complaint," ¶¶ 1-6.) The relevant facts set forth in the Second Amended Complaint are as follows:

Plaintiff was appointed to fill a three (3) year term as PASD's Representative to the Luzerne Intermediate Unit ("LIU"). (Complaint, ¶ 1.) On or about August 9, 2011, Plaintiff received a text message from one Defendant which requested Plaintiff to vote for an applicant for a vacant PASD position as a favor to Defendant. (Complaint, ¶ 12.) Plaintiff, however, does not identify the PASD Board Member Defendant that made the request. (Complaint, ¶ 12.) Plaintiff informed Defendant that he had to follow the district's hiring policy. (Complaint, ¶ 13.) In response, Defendant told Plaintiff to disregard the policy because Plaintiff was being asked a favor. (Complaint, ¶ 14.) Ultimately, Plaintiff did not vote for the candidate as requested by Defendant. (Complaint, ¶ 15.)

On September 20, 2011, a little over a month after Plaintiff refused to vote for the favored applicant, Plaintiff was removed as PASD's Representative to the LIU. (Complaint, ¶ 16.) The PASD Board members voting to remove Plaintiff as the Representative to the LIU are the named Defendants in this action. (Complaint, ¶¶ 2-6.) The vote to remove Plaintiff occurred even after PASD's solicitor advised Defendants that Plaintiff's term was for three (3) years. (Complaint, ¶ 17.) Plaintiff was replaced as PASD's Representative at the LIU by Defendant Guariglia, a political supporter of the majority of the PASD Board. (Complaint, ¶¶ 2, 18-19.)

Plaintiff subsequently filed an action against the PASD Board members that voted for his removal in their individual and official capacities. (Complaint, ¶¶ 2-6.) Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights, as well as a supplemental state law claim for improper ouster. (Complaint, ¶ 7.) In response to Plaintiff's Second Amended Complaint, Defendants filed a motion to dismiss the action in its entirety. (Doc. 7.) According to Defendants, the Second Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7). (Doc. 7.) Defendants' motion has been fully briefed and is now ripe for disposition.

## II. Discussion

**A.    Legal Standard for a 12(b)(6) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir.2000).

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the ... claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir.2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the

complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1949.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir.1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir.1997)).

**B.   Section 1983**

42 U.S.C. § 1983 states, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen ... or any other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n. 9, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433

(1979)). To prevail in an action under § 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir.1993).

To establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant. *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1948, 173 L.Ed.2d 868; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir.2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct ." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71–72 (3d Cir.2011). Personal involvement in the alleged wrongs may be shown through allegations of actual involvement in, personal direction of, or knowledge of and acquiescence to the asserted civil rights violations. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (citations omitted). "In order to satisfy the 'personal involvement' requirement, a complaint need only allege the conduct, time, place and person responsible." *Solan v. Ranck*, 326 F. App'x 97, 101 (3d Cir.2009) (per curiam).

Here, Plaintiff bases his § 1983 claims on his First and Fourteenth Amendment rights. (Complaint, ¶ 7.)[1] These claims will be addressed in turn.

### 1. First Amendment Deprivation

The First Amendment of the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of the speech, or of the press; or the right of the people peaceably to assemble . . . ." U.S. Const. amend. I. Although the First Amendment as written applies to deprivations of rights by the federal government, "the First Amendment by virtue of the

---

[1] Plaintiff's Second Amended Complaint also requests relief for violations of Plaintiff's Fourth Amendment rights. (Complaint, ¶ 7.) Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, however, clearly states that "Plaintiff does not make a claim under the Fourth Amendment." (Doc. 9.)

5

Due Process Clause of the Fourteenth Amendment applies to state governments and their officials." *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 831, 103 S. Ct. 3352, 77 L. Ed. 2d 1049 (1983); *see also Miller v. Clinton Cnty.*, 544 F.3d 542, 545 n.1 (3d Cir. 2008). Plaintiff asserts that his removal as PASD's Representative to the LIU was politically motivated and infringed on his free speech rights in violation of the First Amendment.

### a. First Amendment Politically Motivated Removal Claim

Plaintiff alleges that he was removed as PASD's Representative to the LIU because he was not politically affiliated with the majority of the School Board. (Complaint, ¶ 18.) Plaintiff asserts that his politically motivated removal violated his First Amendment rights. (Complaint.) Conversely, Defendants argue that Plaintiff's removal from the LIU could not be politically motivated because Defendants are not the voting members of the LIU Board. (Doc. 8.)

It is well established that "the dismissal of certain public employees solely because of their partisan political affiliation infringes their First Amendment rights of belief and association." *Zold v. Twp. of Mantua*, 935 F.2d 633, 635 (3d Cir. 1991) (citing *Branti v. Finkel*, 445 U.S. 507, 100 S. Ct. 1287, 63 L. Ed. 2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 96 S, Ct. 2673, 49 L. Ed, 2d 547 (1976)). In particular, it is unconstitutional for public agencies to discharge employees "who are neither policymaking nor advisory based on their political affiliations." *Stephens v. Kerrigan*, 122 F.3d 171, 176 (3d Cir. 1997).

To establish a politically motivated discharge claim in the Third Circuit, a plaintiff must allege that "(1) he was employed at a public agency in a position that does not require political affiliation, (2) he was engaged in constitutionally protected conduct, and (3) this conduct was a substantial or motivating factor in the government's employment decision." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 271 (3d Cir. 2007) (citing *Stephens*, 122 F.3d at 176); *see also Erb v. Borough of Catawissa*, 749 F. Supp. 2d 244, 253 (M.D. Pa. 2010).

Here, based on the allegations as set forth in Plaintiff's Second Amended Complaint,

Plaintiff sufficiently alleges a § 1983 claim against Defendants for politically motivated removal in violation of Plaintiff's First Amendment rights. Plaintiff's claim is further bolstered by the Pittston Area School Board meeting minutes attached to Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss. (Doc. 9, Exs. A-B.) Although not attached as exhibits to the Second Amended Complaint, the Court in deciding a motion to dismiss may consider the meeting minutes as a matter of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993); *see also Schubert v. City of Rye*, 775 F. Supp. 2d 689, 696 n.3 (S.D.N.Y. 2011) ("the minutes and recordings of City Council meetings are matters of public record and therefore are the types of materials which a court may take judicial notice").

As set forth in the Second Amended Complaint and Pittston Area School Board meeting minutes, Plaintiff was appointed as PASD's Representative to the LIU on June 21, 2011. (Complaint; Doc. 9, Ex. B.) On September 20, 2011, Defendant Knick voted to rescind his motion to appoint Plaintiff as PASD's Representative to the LIU and the five Defendants ultimately voted to replace Plaintiff with Defendant Guariglia. (Doc. 9, Ex. A.)

Initially, contrary to Defendants' assertions, Plaintiff has alleged personal involvement on behalf of all Defendants as required for liability under § 1983. *See Rode*, 845 F.2d at 1207. Plaintiff alleges that all Defendants voted for his removal as PASD's Representative to the LIU. (Complaint, ¶¶ 2-6.) And, this vote is confirmed by the Pittston Area School Board meeting minutes. (Doc. 9, Ex. A.)

In addition, Plaintiff states a claim for politically motivated removal as he avers that political affiliation with the majority of the Pittston Area School Board is not necessary to perform the functions of an LIU Representative. (Complaint, ¶ 18.) Moreover, Plaintiff alleges that he was removed as PASD's Representative after exercising his First Amendment rights. (Complaint, ¶¶ 9-19.) Lastly, the September 20, 2011 meeting minutes indicate that Plaintiff's removal from the LIU occurred because of "some things that transpired at our own district." (Doc. 9, Ex. A.) These allegations are sufficient to withstand a motion to dismiss the politically motivated removal claim. Plaintiff may proceed on this

cause of action.

### b.  First Amendment Retaliation Claim

Plaintiff also asserts a § 1983 claim against Defendants for violation of his free speech rights guaranteed by the First Amendment. (Complaint.)  According to Plaintiff, he was retaliated against by Defendants for abiding by PASD's hiring policy and refusing to vote for a candidate for a vacant PASD position as requested by one Defendant. (Complaint, ¶¶ 13-16.)  Defendants argue that Plaintiff did not engage in protected speech when he sent a message indicating a need to comply with PASD's hiring policy. (Doc. 8; Doc. 10.)

For a public employee to state a retaliation claim under § 1983 based on the deprivation of First Amendment rights, a plaintiff must allege: "(1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action." *Hill v. Borough of Kutztown*, 455 F.3d 225, 242 (3d Cir. 2006) (citing *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005)).  "The first factor is a question of law; the second factor is a question of fact." *Borough of Kutztown*, 455 F.3d at 242 (citing *Curinga v. City of Clairton*, 357 F.3d 305, 310 (3d Cir. 2004)).  In the public employment context, a employee's expression is protected when (1) he or she spoke as a citizen on a matter of public concern; and (2) the interest in the protected expression is not outweighed by "'the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" *Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488, 2493, 180 L. Ed. 2d 408 (2011) (quoting *Pickering v. Board of Ed. of Township High School Dist. 205, Will Cty.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)). And, a public employee's statement is protected activity when "(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made." *Borough of Kutztown*, 455 F.3d at 241-42 (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006)).

In contrast to the public employee context, a non-public employee in a First Amendment retaliation case must plead: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). A causal connection is sufficiently alleged when a plaintiff sets forth facts demonstrating:

> (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. In the absence of that proof, the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of fact should infer causation.

*Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citations omitted).

Although Defendants' briefs classify this cause of action as a straightforward public employee retaliation suit, (Doc. 8; Doc. 10), "it is far better understood as a more basic sort of retaliation claim: adverse action by state officials- whether in or out of the employment context- against a plaintiff based on his exercise of constitutionally protected speech rights." *Velez v. Levy*, 401 F.3d 75, 97 (2d Cir. 2005). Here, Plaintiff engaged in constitutionally protected First Amendment speech by voting against an applicant for a PASD position as requested by one Defendant. (Complaint, ¶¶ 12-16.) Retaliatory action was taken against Plaintiff by Defendants as they voted to remove Plaintiff as PASD's Representative to the LIU. (Complaint, ¶¶ 10, 16-17; Doc. 9, Ex. A.) Each Defendant personally voted for Plaintiff's removal from the LIU Representative position. (Complaint, ¶¶ 2-6; Doc. 9, Ex. A.) And, Defendants' conduct would prevent a person of ordinary firmness from exercising his or her First Amendment rights to vote on school board issues out of fear of retaliation. (Complaint, ¶¶ 9-19.) Lastly, Plaintiff indicates a causal connection between his vote against Defendant's favored candidate and his removal as Representative to the LIU. (Complaint, ¶ 12-16.) Plaintiff's Second Amended Complaint alleges that he was requested to vote for the favored candidate on August 9, 2011, at some point thereafter he voted against hiring the candidate requested by Defendant, and on September 20, 2011 he was

removed as Representative to the LIU. (Complaint, ¶¶ 12-16.) Such allegations are sufficiently suggestive of temporal proximity between Plaintiff's protected activity and Defendants' allegedly retaliatory conduct under Third Circuit precedent. *See, e.g., Beyer v. Duncannon Borough*, 428 F. App'x 149, 155 (3d Cir. 2011) (citing *DeFlaminis*, 480 F.3d at 267); *Fasold v. Justice*, 409 F.3d 178, 189-90 (3d Cir. 2005).

Based on the foregoing, Plaintiff sufficiently states a colorable First Amendment retaliation claim. Moreover, it would be premature at this stage of the litigation to dismiss Plaintiff's well-pled First Amendment retaliation claim because a court:

> cannot permit a state official to oust an elected representative of the people on the bald ground that she voices unsympathetic political views- that is, she engages in an activity that is at the core of what is protected by the First Amendment. Such an action by a state official, if allowed, would offend the basic purpose of the Free Speech Clause- the facilitation of full and frank discussion in the shaping of policy and the unobstructed transmission of the people's views to those charged with decision making.

*Velez v. Levy*, 401 F.3d 75, 97-98 (2d Cir. 2005); *see also Monteiro v. City of Elizabeth*, 436 F.3d 397, 407 (3d Cir. 2006) (Fisher, J., dissenting) ("a leader who prevents a member from speaking or punishes a member for prior speech based on his or her viewpoint has infringed on the member's First Amendment rights"). Plaintiff may therefore proceed on his First Amendment Retaliation claim.

### 2. Fourteenth Amendment Due Process Claim

Count II of Plaintiff's Second Amended Complaint asserts that Defendants' violated Plaintiff's due process rights under the Fourteenth Amendment. (Complaint, ¶¶ 21-22.) Specifically, Plaintiff alleges that he had a property interest in his three (3) year-term as LIU Representative and Defendants removed him from this position without notice, evidence against him, or an opportunity to rebut Defendants' reasons for his removal. (Complaint, ¶¶ 21-22.) Defendants, however, argue that Plaintiff's due process claim must be dismissed because he fails to establish a property interest in the LIU Representative position. (Doc. 8.)

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. The Due

Process Clause of the Fourteenth Amendment contains both procedural and substantive due process protections. *See Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000) (citing *Planned Parenthood of S.E. Pennsylvania v. Casey*, 505 U.S. 833, 846-47, 112 S. Ct. 2791, 120 L. Ed. 2d 674 (1992)). The Second Amended Complaint alleges only a denial of Plaintiff's procedural due process rights. (Complaint, ¶¶ 20-22.)

To state a procedural due process claim, "a plaintiff must allege that: (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, and property'; and (2) the procedures available to him did not provide 'due process of law.'" *Borough of Kutztown*, 455 F.3d 233-34 (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

The property interests protected by the Fourteenth Amendment are created by state law. *See Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); *Kelley v. Borough of Sayreville*, 107 F.3d 1073, 1077 (3d Cir. 1997). For an individual to have a property interest in a job or employment position, "a person must have more than a unilateral expectation of continued employment; rather, he must have a legitimate entitlement to such continued employment." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (citing *Roth*, 408 U.S. at 577). "'The plaintiff must demonstrate an entitlement to a property interest created expressly by state statute or regulation or arising from government policy or a mutually explicit understanding between a government employer and an employee.'" *O'Donnell v. Simon*, 362 F. App'x 300, 304 (3d Cir. 2010) (quoting *Carter v. City of Philadelphia*, 989 F.2d 117, 120 (3d Cir. 1993)). Moreover, while an at-will employee serving at the pleasure of his employer does not have a legitimate entitlement to continued employment, *see Elmore*, 399 F.3d at 282, "employment contracts that contain a 'just cause' provision create a property interest in continued employment." *Wilson v. MVM, Inc.*, 475 F.3d 166, 177 (3d Cir. 2007) (citing *Kelley*, 351 F.3d at 1077); *see also Schmidt v. Creedon*, 639 F.3d 587, 595 (3d Cir. 2011).

Plaintiff asserts that he has an entitlement to a three (3) year-term as LIU Representative pursuant to 24 P.S. § 9-910-A(b), which provides that directors shall be

elected either every third year or every other year. The statute further provides that an intermediate unit board vacancy shall occur "upon the death, resignation, or removal of an intermediate unit director, or when he no longer holds office as a school director." 24 P.S. 9-910-A(d). Once elected to an intermediate unit, a member may only "be removed in the same manner and for the same cause as provided by law for removal of members of boards of school directors." 24 P.S. § 9-910-A(e). Pennsylvania school board members may be removed for (1) failing to organize as required, (2) refusing or neglecting his or her duties to act as required by statute relating to school districts, or (3) refusing or neglecting to act as required by statute relating to joint boards or joint board agreements. *See* 24 P.S. § 3-318. And, the statute provides the procedural requirements that must be followed prior to removal of a director from a school board, including protections such as notice and a hearing on issues denied by the director. *See id*.

Once a plaintiff establishes the denial of an entitled property interest, he or she must demonstrate that the deprivation of the property interest occurred without adequate procedural protections. "Due process requires that a deprivation of a property interest 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Gikas v. Washington Sch. Dist.*, 328 F.3d 731, 738 (3d Cir. 2003) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)). And, in the employment context, "notice and an opportunity to be heard generally refer to having 'some kind of hearing' before being discharged." *Gikas*, 328 F.3d at 738 (citing *Loudermill*, 470 U.S. at 542).

Here, Plaintiff has sufficiently alleged a property interest in the LIU Representative position. Specifically, the Pennsylvania statute creating intermediate boards of directors provides that "directors shall be elected" for a period of two (2) or three (3) years. 24 P.S. § 9-910-A(b). Furthermore, removal of any intermediate unit board of director member is limited by statute for cause. *See* 24 P.S. § 9-910-A(e). As such, Plaintiff has sufficiently set forth an entitlement to a property interest created by a Pennsylvania statute as required by Third Circuit precedent. *See Carter*, 989 F.2d at 120. Although the Court understands

Defendants' position that the right to enjoy a seat on the LIU Board belongs to PASD and not Plaintiff, (Doc. 8), on a motion to dismiss, a Plaintiff must simply present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In that regard, Plaintiff has alleged that a Pennsylvania statute specifically provides for a fixed-term election to an intermediate unit board and, once elected, a member may only be removed for cause. *See* 24 P.S. § 9-910-A. Such allegations are sufficient to withstand a motion to dismiss. Moreover, Plaintiff's Second Amended Complaint, and the Pittston Area School Board meeting minutes, sufficiently detail that his alleged property interest was deprived without notice or a hearing. (Complaint, ¶ 11; Doc. 9, Ex. A.) And, as each Defendant voted to remove Plaintiff as PASD's Representative to the LIU without complying with Plaintiff's due process rights, Defendants each individually participated in the alleged deprivation of Plaintiff's constitutional rights. *Cf. C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-02 (3d Cir. 2000) (en banc). Thus, Plaintiff has stated a procedural due process claim against Defendants.

### 3. Punitive Damages

As part of his request for relief, Plaintiff seeks recovery of punitive damages from Defendants. (Complaint.) Defendants move to dismiss the claim for punitive damages on the basis that Plaintiff fails to allege reckless, egregious, or callous conduct by Defendants. (Doc. 8.) Plaintiff, however, argues that Defendants were advised by PASD's solicitor not to remove Plaintiff from the LIU Representative position, but Defendants ignored this advice and replaced Plaintiff with Defendant Guariglia. (Doc. 9.)

In special circumstances, a plaintiff may recover punitive damages in a § 1983 action. *See Keenan v. City of Philadelphia*, 989 F.2d 459, 470 (3d Cir. 1992) (citing *Savarese v. Agriss*, 883 F.2d 1194, 1205 (3d Cir. 1985)). A punitive damage award is appropriate "where the defendants have acted with a 'reckless or callous disregard of, or indifference to, the rights and safety of others.'" *Keenan*, 989 F.2d at 469 (quoting *Bennis v. Gable*, 823 F.2d 723, 734 (3d Cir. 1987)). Alternatively, punitive damages may be recovered "if the [defendant's] conduct is intentional or motivated by evil motive." *Brennan*

*v. Norton*, 350 F.3d 399, 429 (3d Cir. 2003) (quoting *Savarese*, 883 F.2d at 1204).

Plaintiff has sufficiently alleged that Defendants recklessly deprived Plaintiff of his constitutionally protected rights to support an award of punitive damages. In particular, Plaintiff alleges that Defendants removed him from the LIU position despite the advice of PASD's solicitor and that Plaintiff's removal was premised on his refusal to vote for Defendants' proffered candidate for a vacant school district employment position. (Complaint, ¶¶ 12-19.) Although Plaintiff may ultimately be unable to establish the necessary conduct to justify an award of punitive damages, *see, e.g., Brennan*, 350 F.3d at 429-30 ("it is clear . . . that punitive damages require more than the retaliatory motive itself"), at this stage of the litigation, "the issue is not whether Plaintiff will ultimately prevail but whether [Plaintiff] is entitled to offer evidence to support the claim." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997.) Thus, Plaintiff has provided sufficient facts to withstand a motion to dismiss on the punitive damages claim.

**C.  Improper State Ouster Claim**

Plaintiff also asserts a state law claim for unlawful ouster. (Complaint, ¶¶ 23-25.) Defendants argue that no such cause of action exists, and even if the claim does exist, Defendants are entitled to official immunity under the Political Subdivision Torts Claim Act ("PSTCA") 42 Pa. C.S..A. §§ 8541, *et seq*. In response, Plaintiff asserts that the cause of action is not considered a tort in Pennsylvania and official immunity does not apply to the claim. (Doc. 9.)

As identified by Plaintiff, Pennsylvania precedent exists that allows an unlawfully ousted public official to pursue relief via a complaint in mandamus to compel reinstatement when illegally removed from office. *See, e.g., Gernert v. Lindsay*, 2 Pa. Cmwlth. 576, 579 (Pa. Cmwlth. 1971). Nevertheless, mandamus is an extraordinary writ which may be issued only when a party has a clear right to relief, a corresponding duty on the opposing party to act, and no other appropriate remedy available. *See Antonini v. W. Beaver Area Sch. Dist.*, 874 A.2d 679, 682 (Pa. Cmwlth. 2005) (citing *Equitable Gas Co. v. City of Pittsburgh*, 507

Pa. 53, 488 A.2d 270 (1985)).

Here, Plaintiff's cause of action for unlawful state ouster set forth in his Second Amended Complaint fails to give Defendant fair notice of what the claim is, the grounds upon which it rests, or whether Plaintiff is entitled to relief on the claim. As alleged, the improper state ouster claim fails to set forth sufficient averments to identify whether Plaintiff is proceeding on the ouster claim in accordance with Pennsylvania precedent. Thus, Plaintiff's claim for improper state ouster will be dismissed, but Plaintiff will be given leave to amend his improper state ouster claim.

**D.   Failure to Join an Indispensible Party**

In addition to moving to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6), Defendants argue that Plaintiff's claims should be dismissed for failure to join an indispensible party- the LIU. (Doc. 7.) In opposition, Plaintiff argues that the LIU is not an indispensible party since it had no involvement in the removal of Plaintiff as PASD's Representative to the LIU. (Doc. 9.) Plaintiff further opines that Defendants may implead the LIU as a third-party defendant if they believe the LIU is responsible for Plaintiff's improper removal as PASD's Representative. (Doc. 9.)

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 specifies the circumstances "in which the joinder of a particular party is compulsory." *Cummings v. Allstate Ins. Co.*, no. 11-02691, 2011 WL 6779321, at *3 (E.D. Pa. Dec. 27, 2011) (citing *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007)). Rule 19 states:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

15

The analysis under Rule 19 requires a court to first determine whether the absent party should be joined as a "necessary" party under Rule 19(a). *See Gen. Refractories Co.*, 500 F.3d at 312. If the person is not a necessary party under the provisions of Rule 19(a), "the inquiry need go no further" because the party need not be joined. *Bank of Am. Nat'l Trust & Savings Assoc. v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1054 (3d Cir.1988). If, however the person is necessary, but joinder is not feasible, the court must determine whether "the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b); *Bank of Am.*, 844 F.2d at 1054. "If the party is indispensable, then the action cannot go forward." *Id*. The court must consider:

> (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b). The substantive law governing the merits of the action dictates whether a person is "indispensable" to the action. *Provident Tradesmens Bank and Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

As with a motion to dismiss pursuant to Rule 12(b)(6), a court reviewing a 12(b)(7) motion must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Cummings*, 2011 WL 6779321, at *3 (citing *Pittsburgh Logistisics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009)). A court deciding a Rule 12(b)(7) motion "may consider 'relevant, extra-pleading evidence' when ruling on a rule 12(b)(7) motion." *Id*. at *3 (quoting *Citizen Band Potawatomi Indian Tribe of OK v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)).

Based on a review of Plaintiff's Second Amended Complaint and the September 20, 2011 Pittston Area School Board meeting minutes, the LIU is not a necessary party to this action. (Complaint; Doc. 9, Ex. B.) That is, the Court can grant Plaintiff complete relief even in the absence of LIU as a party to the action. In particular, the September 20, 2011

16

meeting minutes indicate that "the stance the LIU takes is it is up to the school district who they send down as the representative." (Doc. 9, Ex. B.) The meeting minutes also provide that "if you change the Representative it is up to the IU to accept the Rep. - not for us." (Doc. 9, Ex. B.)

Although Defendants assert that Plaintiff seeks reinstatement to the LIU Board, this is not an accurate portrayal of Plaintiff's request for relief. (Doc. 8.) Instead, Plaintiff seeks "reinstatement to the LIU position," not reinstatement to the LIU Board. (Complaint.) In light of this request, the Court views Plaintiff's Second Amended Complaint as only seeking Plaintiff's reinstatement as PASD's Representative to the LIU. And, because Plaintiff can be reinstated as PASD's Representative to the LIU and "sent down as the Representative" without any action on behalf of the LIU, the LIU is not a necessary party to this action. Defendants' motion to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(7) will therefore be denied.

### III. Conclusion

For the above stated reasons, Defendants' motion to dismiss will be granted in part and denied in part. Plaintiff may proceed on his First and Fourteenth Amendment claims. However, as Plaintiff has not properly pled a claim for improper state ouster, Count III of Plaintiff's Second Amended Complaint will be dismissed.

An appropriate order follows.


 April 16, 2012                                        /s/ A. Richard Caputo
Date                                                   A. Richard Caputo
                                                       United States District Judge